NUMBER 13-09-631-CR

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT
OF TEXAS

 

CORPUS CHRISTI - EDINBURG  

                                                                                                                     


 

JESSE GARZA,                                                                    
     Appellant,

 

v.

 

THE STATE OF TEXAS,                         
                             Appellee.

                                                                                                                     
  

 

On appeal from the
319th District Court 

of Nueces County,
Texas.

     
                                                                                                                

 

MEMORANDUM OPINION

 

Before Justices
Garza, Vela, and Perkes 

Memorandum Opinion by
Justice Vela

                                                                                                                                    

            Appellant, Jesse Garza, was charged by
indictment with one count of third degree assault on a public servant.  See
Tex. Penal Code Ann. § 22.01
(a)(1) (Vernon Supp. 2010).  A jury found appellant guilty as charged in the
indictment and assessed a punishment of five years in prison, plus a $1,000.00
fine.  This appeal followed.  We affirm the judgment.

I.  Anders Brief

Pursuant to Anders v. California,
386 U.S. 738, 744 (1967), appellant’s court-appointed appellate counsel has
filed a brief with this Court stating that, based upon his review of the
record, “there are no grounds of error upon which an appeal can be predicated”
and “the appeal is wholly without merit.”  Although counsel’s brief does not
advance any arguable grounds of error, it does present a professional
evaluation of the record demonstrating why there are no arguable grounds to be
advanced on appeal.  See In re Schulman, 252 S.W.3d 403, 407 n.9 (Tex.
Crim. App. 2008) (“In Texas, an Anders brief need not specifically
advance ‘arguable’ points of error if counsel finds none, but it must provide
record references to the facts and procedural history and set out pertinent
legal authorities.”) (citing Hawkins v. State, 112 S.W.3d 340, 343-44
(Tex. App.–Corpus Christi 2003, no pet.)); Stafford v. State, 813 S.W.2d
503, 510 n.3 (Tex. Crim. App. 1991).

            In compliance with High v. State, 573
S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), appellant’s counsel has
carefully discussed why, under controlling authority, there are no errors in
the trial court’s judgment.  Counsel has informed this Court that he has:  (1)
examined the record and found no arguable grounds to advance on appeal, (2)
served a copy of the brief and counsel’s motion to withdraw on appellant, and
(3) informed appellant of his right to review the record and to file a pro se
response.[1]
 See Anders, 386 U.S. at 744; Stafford, 813
S.W.2d at 510 n.3; see also In re Schulman, 252 S.W.3d at 409 n.23. 
More than an adequate period of time has passed, and appellant has not filed a
pro se brief in this matter.  See In re Schulman, 252 S.W.3d at 409.

II.
Independent Review

 

            Upon
receiving an Anders brief, we must conduct a full examination of all the
proceedings to determine whether the case is wholly frivolous.  Penson v.
Ohio, 488 U.S. 75, 80 (1988).  We have reviewed the entire record and
counsel’s brief and have found nothing that would arguably support an appeal. 
See Bledsoe v. State, 178 S.W.3d 824, 826-28 (Tex. Crim. App. 2005) (“Due
to the nature of Anders briefs, by indicating in the opinion that it
considered the issues raised in the briefs and reviewed the record for
reversible error but found none, the court of appeals met the requirement of
Texas Rule of Appellate Procedure 47.1.”); Stafford, 813 S.W.2d at 509. 
Accordingly, we affirm the judgment of the trial court.

III.
Motion to Withdraw

 

            In accordance with Anders, appellant’s
attorney[2]
has asked this Court for permission to withdraw as counsel for appellant.  See
Anders, 386 U.S. at 744; see also In re Schulman, 252 S.W.3d at 408
n.17 (citing Jeffery v. State, 903 S.W.2d 776, 779-80 (Tex. App.–Dallas
1995, no pet.) (“If an attorney believes the appeal is frivolous, he must
withdraw from representing the appellant.  To withdraw from representation, the
appointed attorney must file a motion to withdraw accompanied by a brief
showing the appellate court that the appeal is frivolous.”) (citations
omitted)).  We grant the motion to withdraw.  Within five days of the date of
this Court’s opinion, counsel is ordered to send a copy of the opinion and
judgment to appellant and to advise appellant of his right to file a petition
for discretionary review.[3] 
See Tex. R. App. P. 48.4; see
also In re Schulman, 252 S.W.3d at 412 n.35; Ex parte Owens, 206
S.W.3d 670, 673 (Tex. Crim. App. 2006). 

 

 

 

                                                                                         ROSE
VELA

                                                                                         Justice

 

Do not publish.

Tex.
R. App. P.
47.2(b).

 

Delivered and filed
the  

14th day of April,
2011.

 

 

 









[1] The Texas Court of Criminal Appeals has held that “the
pro se response need not comply with the rules of appellate procedure in order
to be considered.  Rather, the response should identify for the court those
issues which the indigent appellant believes the court should consider in
deciding whether the case presents any meritorious issues.”  In re Schulman,
252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting Wilson v. State,
955 S.W.2d 693, 696-97 (Tex. App.–Waco 1997, no pet.)).

 





[2] At the inception of this appeal,
appellant was represented by the Honorable Rick Holstein.  After Holstein filed
a motion to withdraw as appellant’s counsel, appellant filed a motion for
extension of time to file a pro se brief, which was granted on February 10,
2011, and allowed appellant thirty days in which to file a brief.  To date, no
brief has been filed.





[3] No substitute counsel will be appointed.  Should
appellant wish to seek further review of this case by the Texas Court of
Criminal Appeals, he must either retain an attorney to file a petition for
discretionary review or file a pro se petition for discretionary review.  Any
petition for discretionary review must be filed within thirty days from the
date of either this opinion or the last timely motion for rehearing that was
overruled by this court.  See Tex.
R. App. P. 68.2.  Any petition for discretionary review must be filed
with this court, after which it will be forwarded to the Texas Court of
Criminal Appeals.  See id. R. 68.3; 68.7.  Any petition for
discretionary review should comply with the requirements of Rule 68.4 of the
Texas Rules of Appellate Procedure.  See id. R. 68.4.